IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-02146-PAB-NRN

MICHAEL BAILEY,

    Plaintiff,

v.

TELLER COUNTY, COLORADO and
PUEBLO COUNTY, COLORADO,

    Defendants.
_____

## CONSENT DECREE
_____

Before the Court is the parties' joint motion for entry of a consent decree [Docket No. 25]. Upon consideration of the motion, and for good cause, it is **ORDERED** that the motion is **GRANTED**.

### BACKGROUND

1. On September 7, 2017, Plaintiff filed a Complaint alleging Defendants violated his constitutional right to due process of law by holding him in jail in Teller County, Colorado and Pueblo County, Colorado without bringing him before a judge for a first appearance on his criminal charges, including bond setting, for a total of 52 days.

2. Defendants have denied and continue to deny any violation of the constitutional rights of Plaintiff.

3. Following mediation, the Parties have reached an amicable resolution of their differences and, on March 22, 2018, entered into, and finalized, a General Release and Settlement Agreement ("Settlement Agreement"). The Settlement

Agreement provides, in part, that the Parties will submit as non-monetary relief to entry of this Consent Decree.

4. The Parties jointly submit this proposed Consent Decree, agree to the power of this Court to enter a Consent Decree enforceable against the Defendants Teller County, Colorado and Pueblo County, Colorado, and agree to the continuing jurisdiction of this Court over this matter to enforce the Consent Decree.

5. The Parties stipulate to the jurisdiction of the Court over the Parties and the subject matter of this action and have waived the entry of findings of fact and conclusions of law.

6. The Consent Decree is final and binding upon the Parties as to the issues resolved, as well as upon their successors and assigns.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

7. Defendants Teller County, Colorado and Pueblo County, Colorado shall take the following action for all individuals arrested by either jurisdiction on a warrant issued by a county or district court located in Teller or Pueblo County:

> **The arresting jurisdiction will bring new arrestees before a county court for a C.R.C.P. Rule 5 advisement (in person or by video) without unnecessary delay and will specifically endeavor to bring the arrestee before the county court at the next in-custody advisement after arrest, but, in any event, the arresting jurisdiction will bring the defendant before a county court no later than the second "court day" after arrest. A "court day" is defined as any day the county court is**

**in session. If the arrest occurs before 6:00 a.m. on a court day, the day of arrest shall be counted as one of the two court days. If the arrest occurs after 6:00 a.m. on a court day, the day of arrest shall <u>not</u> be counted as one of the two court days.**

8. The Defendant Counties are required to comply with the terms of this Decree for a period of three years beginning on the date this Consent Decree is signed by the Court.

9. However, if subsequent legislation or Colorado Supreme Court or U.S. Supreme Court law arises that is directly on point and provides an alternate time frame by which an arrestee must be brought before a court for C.R.C.P. Rule 5 advisement, this Consent Decree shall be void.

10. This Court shall retain jurisdiction of this case for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate its provisions.

11. Prior to filing any motion challenging the adequacy of compliance with this Consent Decree, Plaintiff shall first notify counsel for Defendant and attempt to negotiate an informal resolution without involving the Court. If the Defendant Counties and Plaintiff are unable to informally resolve the issue within fourteen days, Plaintiff may file a motion with this Court seeking enforcement of the Decree.

12. Plaintiff's claims are **DISMISSED** with prejudice, except that the Court retains jurisdiction to enforce the terms of this Decree.

DATED November 30, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge